LARRY CALHOUN, SR., PLAINTIFF v. WAYNE DENNIS HEATING & AIR CONDITIONING, AND KEY RISK MANAGEMENT SERVICES, INC., DEFENDANTS

No. COA97-1270

(Filed 16 June 1998)

**1. Workers' Compensation § 411 (NCI4th)— Form 60 admission of right to compensation—Commission award—right to seek judgment**

Defendant employer's execution of a Form 60 admission of plaintiff employee's right to compensation constituted an award of the Industrial Commission which entitled plaintiff to seek imposition of a judgment under N.C.G.S. § 97-87, which in turn entitled plaintiff to seek execution for past due installments and future installments as they become due.

**2. Workers' Compensation § 411 (NCI4th)— compensation award—judgment—complaint in superior court**

Although plaintiff employee could have obtained a judgment under N.C.G.S. § 97-87 by merely filing with the clerk of court a certified copy of a Form 60 admission of plaintiff's right to compensation previously filed with the Industrial Commission, plaintiff's filing of a complaint in the superior court demanding entry of a judgment against defendant employer for sums due

under the Form 60 admission of plaintiff's right to compensation was an acceptable method of asserting a claim for entry of a judgment pursuant to N.C.G.S. § 97-87 even though the complaint did not state that plaintiff was seeking a judgment under that section.

**3. Workers' Compensation § 301 (NCI4th)— unpaid compensation—interest—superior court without authority**

The superior court has no authority to assess a 10% penalty under N.C.G.S. § 97-18(g), in the first instance, on compensation not paid by the employer to the employee within fourteen days after it became due.

**4. Trial § 56 (NCI4th)— summary judgment—notice of hearing**

The trial court was without authority to grant summary judgment for plaintiff employee in his action to obtain a judgment for a workers' compensation award where defendant employer did not have ten days notice of the hearing on the summary judgment motion and there was no evidence that defendant had waived its right to notice.

Appeal by defendants from judgment filed 8 July 1997 by Judge L. Todd Burke in Guilford County Superior Court. Heard in the Court of Appeals 13 May 1998.

*Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner, for plaintiff appellee.*

*Young Moore and Henderson P.A., by J.D. Prather and Jeffrey T. Linder, for defendants appellants.*

GREENE, Judge.

Wayne Dennis Heating & Air Conditioning (Wayne Dennis) and Key Risk Management Services, Inc. (Key Risk) (collectively defendants) appeal from a judgment for Larry Calhoun, Sr. (plaintiff).

The facts in this case are as follows: On 1 August 1995, the plaintiff suffered a back injury while performing functions arising out of and in the course of his employment with defendants. The defendants completed a North Carolina Industrial Commission (Commission) Form 60, "Employer's Admission of Employee's Rights to Compensation Pursuant to N.C. Gen. Stat. § 97-18(b)," in which the defendants

acknowledged that the plaintiff had been injured during the course of employment. The Form 60 outlined that the plaintiff had suffered an injury while at work and that the defendants were to pay the plaintiff temporary total disability compensation. The Form 60 was filed with the Commission on 15 September 1995 and pursuant to the Form 60, the defendants made compensation payments to the plaintiff from 4 September 1995 through 3 October 1995. On 4 October 1995, the defendants filed a Form 28B with the Commission notifying it that the defendants were ceasing compensation payments, as the plaintiff had returned to work on 4 October 1995.

On 19 March 1996, the defendants filed a second Form 60 with the Commission which stated that the plaintiff again was out of work due to injury and that the defendants were to pay temporary total compensation. The payments for the temporary total compensation were to begin on 14 August 1996.

On 20 March 1997, the plaintiff filed a complaint in superior court alleging that he, as an employee of Wayne Dennis, had "sustained a compensable injury . . . invoking the . . . jurisdiction of the Workers' Compensation Act . . . ." The complaint further alleged that the defendants were indebted to the plaintiff because of the defendants' failure to make payments pursuant to a Form 60 filed with the Commission. In his prayer for relief the plaintiff demanded judgment against the defendants "for the sum of $333.35 per week from August 14, 1996, for necessary weeks until otherwise ordered by the . . . Commission, together with the 10% penalty set forth in N.C. Gen. Stat. § 97-18(g), together with attorney fees and the costs of this action . . . ." On 20 June 1997, the defendants answered and admitted that Wayne Dennis, "a member of a self-insurance fund . . . through its servicing agent" Key Risk, had filed with the Commission Forms 60. The defendants denied that any judgment existed against them and moved to dismiss the plaintiff's action for failing to state a claim upon which relief could be granted. The defendants further alleged that an issue of the plaintiff's entitlement to Workers' Compensation benefits was pending before the Commission, as "plaintiff had returned to work at equal or greater wages."

On 7 July 1997, the plaintiff filed a motion for summary judgment and served it on the defendants. On 8 July 1997, the defendants' motion to dismiss was heard by the trial court, having been duly calendared. At that hearing, the defendants objected to the hearing of the plaintiff's motion for summary judgment and the trial court indicated that it would not hear that motion.

CALHOUN v. WAYNE DENNIS HEATING & AIR COND.

[129 N.C. App. 794 (1998)]

Following argument on the defendants' motion to dismiss, the trial court denied the defendants' motion to dismiss and asked the plaintiff to prepare an order reflecting such denial. The plaintiff tendered and the trial court signed a judgment providing in pertinent part: "This matter coming before the undersigned for entry of judgment pursuant to N.C. Gen. Stat. § 97-87, and it appearing to the court that no genuine issue as to any material fact exists and that Plaintiff is entitled to judgment as a matter of law." The judgment included the following relevant findings of fact:

(3) The Form 60 is an award, decision, order, or agreement of the . . . Commission[;]

. . . .

(7) Defendants have not filed a certificate duly issued by the . . . Commission showing compliance with N.C. Gen. Stat. § 97-83[;]

(8) Plaintiff is entitled to weekly compensation from August 14, 1996, until the present and continuing, in addition to a mandatory 10% penalty on all monies 14 days late, pursuant to N.C. Gen. Stat. § 97-18(g).

The issues are whether: (I) a Form 60 is an order, decision or award of the Commission within the meaning of N.C. Gen. Stat. § 97-87; (II) the plaintiff used the proper procedures in seeking a judgment under N.C. Gen. Stat. § 97-87; and (III) summary judgment was granted in this case.

I

[1] The plaintiff argues that the defendants' execution of a Form 60 constitutes an award of the Commission and thus entitles him to seek the imposition of a judgment, which in turn entitles him to seek execution for past due installments and future installments as they become due.[1] We agree.

N.C. Gen. Stat. § 97-87 provides:

Any party in interest may file in the superior court of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the Commission, or of an order or deci-

---

1. An award of compensation by the Commission "is not a judgment of the court" and is thus not subject to enforcement by execution or otherwise. *Bryant v. Poole*, 261 N.C. 553, 556, 135 S.E.2d 629, 631 (1964). Furthermore, an award of the Commission "does not authorize or contemplate the institution and maintenance of a civil action based on such award" except as provided in section 97-87. *Id.*

CALHOUN v. WAYNE DENNIS HEATING & AIR COND.

[129 N.C. App. 794 (1998)]

sion of the Commission, or of an award of the Commission unappealed from or of an award of the Commission affirmed upon appeal, whereupon said court shall render judgment in accordance therewith, and notify the parties. Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though said judgment had been rendered in a suit duly heard and determined by said court: Provided, if the judgment debtor shall file a certificate duly issued by the . . . Commission showing compliance with G.S. 97-83 with the clerk of the superior court in the county or counties where such judgment is docketed, then such clerk shall make upon the judgment role an entry showing the filing of such certificate which shall operate as a discharge of the lien of the said judgment, and no execution shall be issued thereon; provided, further, that if at any time there is default in the payment of any installment due under the award set forth in said judgment the court may, upon application for cause and after 10 days' notice to judgment debtor, order the lien of such judgment restored, and execution may be immediately issued thereon for past due installments and for future installments as they may become due.

N.C.G.S. § 97-87 (1991). Section 97-87 thus permits "any party in interest" to convert a "memorandum of agreement approved by the Commission . . . an order or decision of the Commission . . . [or an] award of the Commission" into a court judgment. A Form 60 properly executed by the employer or someone acting on his behalf is an "award" within the meaning of section 97-87. This is so because any payment made "pursuant to G.S. 97-18(b)" constitutes an award of the Commission, N.C.G.S. § 97-82(b) (Supp. 1997), and payments voluntarily made by an employer pursuant to a Form 60 are payments made consistent with 97-18(b), *see* N.C.G.S. § 97-18(b) (Supp. 1997) (setting out procedures for payment where employer "admits the employee's right to compensation"). Indeed, the Form 60 specifically provides that it is entered "pursuant to N.C. Gen. Stat. § 97-18(b)."

II

Section 97-87 provides that the superior court is to enter judgment in accordance with an award of the Commission upon the filing, by an "interested party," of a certified copy of the award with the superior court of the county where the injury occurred. N.C.G.S. § 97-87; *Bryant*, 261 N.C. at 554, 135 S.E.2d at 630 (judgment entered by superior court judge "substantially as provided in [the] award" of

the Commission after employee filed certified copy of award with clerk of court). Although this judgment may be entered without notice to the judgment debtor, notice to the judgment debtor must issue immediately upon entry of the judgment. N.C.G.S. § 97-87. No execution on the judgment shall issue, however, if the judgment debtor files with the clerk of court a "certificate duly issued by the . . . Commission showing compliance with G.S. 97-83." *Id.*; N.C.G.S. § 97-83 (if parties disagree as to the "benefits under this Article" a hearing before the Commission may be requested by either party).

**[2],[3]** In this case, the plaintiff filed a complaint demanding entry of a judgment against the defendants for the sums due under the Form 60 filed with the Commission on 19 March 1996,[2] and this is an acceptable method for asserting a section 97-87 claim. *See* 101 C.J.S. *Workmen's Compensation* § 845 (1958). The complaint does not state that the plaintiff was seeking a judgment under the provisions of section 97-87. The failure to reference section 97-87 in the complaint, however, is not fatal to the plaintiff's claim. Although an explicit reference to section 97-87 would help to avoid confusion, the facts alleged in the pleading must determine the nature of the relief sought, *see Ferguson v. Killens*, 129 N.C. App. 131, 138, 497 S.E.2d 722, 726 (1998), and the plaintiff has pled facts, when construed in a manner to do substantial justice, *see* N.C.G.S. § 1A-1, Rule 8(f) (1990), sufficient to alert the defendants that relief was being sought under section 97-87. The plaintiff has therefore properly presented his request to the superior court that the award of the Commission (Form 60) be converted into a judgment of the court, consistent with section 97-87.[3]

## III

**[4]** Having held that the plaintiff could have obtained a judgment by merely filing with the clerk of court a certified copy of the award of the Commission (Form 60), we must now decide how the trial court is to proceed under section 97-87 upon the filing of a complaint.

2. The plaintiff indicated in oral argument to this Court that he presented the Form 60 to the clerk of superior court for filing and that the clerk refused to file the document. This prompted, he stated, the filing of the complaint. Although the issue is not directly before this Court, we note that the clerk of court, when presented with a certified copy of an award, order, or decision of the Commission, or a Commission-approved memorandum of agreement, is required to file that document with the court and have the matter calendared before a superior court.

3. We note that the plaintiff requested in his complaint and the trial court ordered that the plaintiff recover, in addition to the weekly payments set forth in the Form 60,

The trial court must ultimately determine whether: (1) the plaintiff is a "party in interest," (2) the plaintiff has presented a certified copy of a Commission-approved memorandum of agreement, or an order or decision of the Commission, or an award of the Commission unappealed from, or an award of the Commission affirmed upon appeal, (3) the injury covered by the Workers' Compensation Act occurred in the county where the claim is filed, and (4) that the defendant(s) is the party subject to the award, decision, or order of the Commission. Additionally, the trial court must resolve any issues raised in defense to the complaint (e.g., insufficient process), as well as any motions filed by the plaintiff (e.g., summary judgment).

In this case, after the complaint was filed, the defendants filed a joint answer and asserted therein a motion to dismiss based on several grounds: lack of jurisdiction, failure to state a claim, and insufficient process. After the motion to dismiss was filed, the plaintiff filed a motion for summary judgment, which was filed one day before the defendants' motion to dismiss was heard in the trial court.

After hearing arguments from all parties the trial court indicated that it was denying the defendants' motion to dismiss and further indicated that it would not hear the plaintiff's motion for summary judgment because the defendants had not received adequate notice of the motion. The trial court proceeded, however, to sign a "Judgment" granting the plaintiff's "motion . . . for judgment" and finding that there were "no genuine issue[s] as to any material fact." Although not designated a summary judgment, we hold that the 8 July 1997 "Judgment" was in fact a summary judgment. Because the defendants did not have ten days notice of the hearing on the motion, see N.C.G.S. § 1A-1, Rule 56(c) (1990), and because there is no evidence that the defendants waived their right to the notice, see Patrick v. Williams, 102 N.C. App. 355, 367, 402 S.E.2d 452, 459 (1991) (notice can be waived), the trial court was without authority to grant summary judgment. Indeed, the trial court orally ruled that it would not hear the motion for summary judgment because timely notice had not been given to the defendants.

---

a "10% penalty due on all monies 14 days late." We acknowledge that section 97-18(g) does authorize the assessment of a 10 percent penalty on any monies due an employee that is not paid "within 14 days after it becomes due . . . ." N.C.G.S. § 97-18(g). The superior court, however, pursuant to section 97-87, is only authorized to enter judgment "in accordance with" a Commission-approved memorandum of agreement or an award, decision, or order of the Commission. It follows, therefore, that the superior court has no authority to assess a penalty, in the first instance, pursuant to section 97-18(g).

The "Judgment" of the trial court must, therefore, be reversed and this case remanded to the trial court. On remand, the trial court must again address the plaintiff's motion for summary judgment.

Reversed and remanded.

Judges MARTIN, Mark D. and TIMMONS-GOODSON concur.