The motion to strike the affidavits of Alan J. Miles and William H. Stephenson is ALLOWED, pursuant to the ruling of the Supreme Court in State ex rel. North Carolina Milk Commission v. National FoodStores, Inc., 270 N.C. 323, 154 S.E.2d 548 (1967). The Full Commission DENIES that portion of the motion which would have this order result in the exclusion of these affidavits from the settled Record on Appeal, should review be sought in the appellate courts, as such a decision must be made in accordance with Rule 18 of the North Carolina Rules of Appellate Procedure.
Plaintiff's motion for reconsideration of the Opinion and Award in this case is DENIED. Plaintiff's motion is limited to the issue of whether the filing of a Form 60 in this matter engenders the same presumptions of continuing disability as does a Form 21. For the following reasons, the undersigned hold that it does not.
"Disability" means the "incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9). If the Commission makes an award, payable during disability, there is a presumption that the disability lasts until the employee returns to work. Watkins v. Central Motor Lines,279 N.C. App. 132, 181 S.E.2d 588 (1971). It is well settled that the approval by the Commission of a Form 21 Agreement constitutes an award of the Commission which is payable during disability, and raises the presumption of the claimant's continuing disability.Brown v. SN Communications, Inc. 124 N.C. App. 320,477 S.E.2d 197 (1996). The issue before the undersigned is whether a Form 60 also constitutes an award, payable during disability, thereby raising the same presumption in favor of the claimant.
Plaintiff has placed great emphasis on the Court of Appeal's recent holding in Calhoun v. Wayne Dennis Heating AirConditioning, ___ N.C. App. ___, 501 S.E.2d 346 (1998) in which it was held that a Form 60 properly executed by the employer or someone acting on his behalf is an "award" within the meaning of the statute because any payment made "pursuant to G.S. § 97-18(b)" constitutes an award of the Commission as defined by N.C. Gen. Stat. § 97-82(b). That the Form 60 constitutes an award is not herein in question. The issue is whether the term "disability" is implicitly included in an award of compensation and liability. The Court of Appeals did not address this issue inCalhoun; therefore, the ruling in that case does not bind us in the current matter.
To determine whether an admission of compensation and liability also constitutes an admission of disability, it is first necessary to examine the Workers' Compensation Reform Act of 1994 and the resulting amendments to the Act.
Prior to the 1994 amendments, disability compensation could be received in one of two ways: (1) by the entry of an agreement for payment of compensation and approval by the Commission of that agreement, or (2) after a hearing and decision in a disputed claim. When an agreement to pay compensation was filed with the Commission, the Commission was required to act in its judicial capacity to determine the fairness to both parties by reviewing the agreement via documentation of the facts set forth therein. Absent sufficient documentation, the agreement would not be approved. The process could take several weeks or months before the claimant could begin receiving compensation. The process of requesting a hearing and decision by the Commission in a disputed claim created greater delays in providing compensation to a claimant. The enactment of a method for direct payment enabled employers to pay compensation to injured employees without the participation of the Commission. "These changes were intended to get indemnity benefits to injured workers sooner, to reduce the incentive to pursue litigation of a compensation claim, and to reduce the administrative paperwork burden on the parties and the Commission." Henry N. Patterson, Jr./ Alan J. Miles, New PaymentSystem, North Carolina Academy of Trial Lawyers, Workplace Torts 
Workers' Comp III, November 22, 1996.
N.C. Gen. Stat. § 97-18, as amended under the Reform Act, provides an employer with three alternative courses of action upon receiving "written or actual notice of the injury or death" of an employee. Under subsection (b), the employer may admit the employee's right to compensation. Subsection (c) provides that an employer may deny the employee's right to compensation. If the employer is uncertain "whether the claim is compensable or whether it has liability for the claim," subsection (d) allows the employer to make payments without prejudice and without admitting liability.
When an employer chooses to admit the employee's right to compensation under subsection (b), payments of compensation may be made directly to the claimant, without the approval of the Commission. "Direct payments" of this nature are governed by N.C. Gen. Stat. § 97-82. The Commission requires that an employer wishing to make direct payments pursuant to an admission as to the compensability of the injury and the employer's liability therefore, must file with the Commission a Form 60, Employer's Admission of Employee's Right to Compensation Pursuant to G.S. § 97-18(b). The form is unilaterally prepared and submitted by the employer. The employer, employee, and insurer, if any, must be identified, and the employer must admit to the employee's right to compensation for an injury by accident or an occupational disease occurring or developing on a date certain. The remainder of the form consists of queries which come under the heading "TheFollowing Is Provided For Informational Purposes Only And Does NOTConstitute An Agreement." The employer is asked to provide a description of the injury or occupational disease, whether the employee was paid for the entire day of injury, the employee's average weekly wage and compensation rate, the nature of the compensation the employer is paying, and the dates disability and payments of compensation began.
As the form itself expressly states, it is not an agreement between the parties. The Commission does not review the form for fairness or accuracy, and most importantly, does not approve the form. Therefore, the Commission in accepting the form, does not act in its judicial capacity. See Vernon v. Mabe, 336 N.C. 425,444 S.E.2d 191 (1994). The only admission contained in the form is on the part of the employer, and is limited to accepting liability for an employee's injury by accident arising out of and in the course of his employment or an occupational disease. The admission is significant in that it establishes the jurisdiction of the Commission over the claim, and automatically entitles the employee to compensation for medical treatment for the injury or occupational disease. Charlotte-Mecklenburg Hosp. v. N.C. Indus.Comm., 336 N.C. 200, 443 S.E.2d 716 (1994). It does not, however, necessarily establish that the employee is disabled as defined by the Act. It is possible to be entitled to compensation without having sustained a disability which results in an incapacity for work. If, for example, a claimant is entitled to medical payments for treatment for a work-related injury which has not required him to miss any work, he would be receiving compensation without having a disability.
Nothing in the amendments prevents employers and employees from entering into an agreement for wage loss compensation or from requesting a hearing before the Commission on a disputed claim. Further, the Reform Act made no amendments to N.C. Gen. Stat. § 97-17, which permits settlements on form agreements approved by the Commission. Therefore, there now exists a dual system for payment of compensation which allows direct payment of compensation or entry of a memorandum of agreement for payment of compensation. See Patterson/Eichner, 1994 Workers' CompensationReform Act, North Carolina Academy of Trial Lawyers, Workplace Torts Workers' Compensation, Cutting Edge Workplace Litigation Issues Presented by the Architects of the 1994 Workers' Comp Reform Act.
The difference in nature and legal effect of payments made pursuant to N.C. Gen. Stat. § 97-18(b) and those made pursuant to N.C. Gen. Stat. § 97-17 are found in the amended language of N.C. Gen. Stat. § 97-82(b). The statute provides that a memorandum of agreement, approved by the Commission, shall for all purposes be enforceable by court decree as an award of the Commission (emphasis added). On the contrary, payments made pursuant to G.S. § 97-18(b) "shall constitute an award of the Commission on the question of compensability of and the insurer's liability for the injury for which the payment was made." (Emphasis added). Plaintiff contends that the term "disability" must necessarily be included in an award based on compensability and liability. The undersigned disagree.
Within the meaning of the Act, a "compensable injury" is an injury by accident arising out of and in the course of employment or an occupational disease. Minter v. Osborne Company,127 N.C. App. 134, 487 S.E.2d 835 (1997). As stated above, "disability" is defined by the Act as an incapacity to earn wages. Therefore, a compensable injury is not the equivalent of a disabling injury. To be compensable, an injury must have occurred in the course of the performance of the claimant's employment. In order to be entitled to wage loss compensation pursuant to a disability, the claimant must prove that (1) he was incapable after the injury of earning the same wages earned prior to the injury in the same employment; (2) that post-injury he was incapable of earning pre-injury wages in any other employment; and (3) that the incapacity to earn wages (his disability) is the result of his compensable injury. Hilliard v. Apex Cabinet Co., 305 N.C. 593,290 S.E.2d 682 (1982).
The difference is clear. A claimant may be the beneficiary of an admission by his employer that an injury is compensable, and still have not satisfied all the elements necessary to establish a right to wage loss compensation due to a disability. The Form 60 does no more than obtain for the claimant that admission as to compensability. Applying the maxim expressio unius est exlusioalterius (mention of specific matters implies the exclusion of others), see, Campbell v. Church, 298 N.C. 476, 259 S.E.2d 558
(1969), it must be presumed that had the Legislature intended for the employer to make an additional admission as to disability, the term would have been included in the language of G.S. § 97-82.
There are also equitable arguments which have been considered in the undersigned's' determination that a Form 60 does not establish a plaintiff's right to an award for disability. As noted above, a Form 60 is filed with the Commission without agreement of the parties, and without review for fairness and approval by the Commission. In the absence of Commission approval, the rights of the parties are not protected and manifest unfairness could result by binding a claimant to unverified facts contained in the Form 60. If treated otherwise, in order for a claimant to challenge an award pursuant to a Form 60 the claimant would be required to show fraud, misrepresentation, duress, or mutual mistake pursuant to G.S. § 97-17; a showing which would be nearly impossible given that the claimant did not participate in the preparation of the Form.
In conclusion, the undersigned hold that there is nothing in the usage of a Form 60 which dictates that it constitute an award for continuing disability. There is no admission by the employer as to the nature or duration of the claimant's disability, and absent an agreement approved by the Commission which establishes the same, the burden of doing so remains with the claimant. Accordingly, the undersigned finds no basis upon which to allow plaintiff's motion to reconsider the prior Opinion and Award of the Full Commission filed in this matter.
This the ___ day of September 1998.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ KIM L. CRAMER DEPUTY COMMISSIONER
DISSENTING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER