Plaintiff has failed to prove by the greater weight of the evidence that he was at an increased risk as compared to the general public of being bitten by an insect or spider while working for defendant-employer on the construction of a Bojangles restaurant. Furthermore, although plaintiff argues he was bitten by a brown recluse spider, there is little to no evidence that plaintiff was actually bitten by a spider.
In order for an insect or spider bite to be a compensable injury by accident with in the meaning of the Act, a plaintiff must carry the burden of showing that he was at an increased risk of being bitten by a spider or insect as compared to the general public.Minter v. Osborne Company, 127 N.C. App. 134, 487 S.E.2d 835
(1997). In this case the testimony of John Dunbar, Regional Manager of Terminix, was submitted on the issue of increased risk. Any testimony of Mr. Dunbar which indicates that plaintiff was at an increased risk is based on inaccurate facts and facts not in the evidentiary record. Mr. Dunbar incorrectly understood that plaintiff was performing a remodeling job when plaintiff was actually working on new construction. Mr. Dunbar, when presented with the fact that plaintiff was working on new construction, felt that one would be less likely to find a brown recluse as they are more likely found in "older, existing structures or in other dark secluded places such a an attic or underneath a house.
Based on Mr. Dunbars testimony, plaintiff has failed to carry his burden of proof. Therefore, I must respectfully dissent from the majority opinion in this matter.
 S/_______________ DIANNE C. SELLERS COMMISSIONER