JIMMY L. WATTS, Plaintiff v. HEMLOCK HOMES OF THE HIGHLANDS, INC. and
BUILDERS MUTUAL INSURANCE COMPANY, INC., Defendants

No. COA99-1630

(Filed 16 January 2001)

**Workers' Compensation— compensability—disputed amount—
exclusive jurisdiction of Industrial Commission**

The superior court erred in a workers' compensation case by
entering judgment enforcing payment of an amount of compensa-
tion that was in dispute. A defendant admits only the compens-
ability of an injury by executing a Form 60 and paying compensa-
tion; that admission becomes an award of the Commission as to
compensability and the superior court has jurisdiction to enter a
judgment enforcing the award. Disputed issues other than com-
pensability are within the exclusive jurisdiction of the Industrial
Commission.

Judge EDMUNDS concurred in this opinion prior to 31
December 2000.

Appeal by defendants from judgment entered 19 July 1999 by
Judge J. Marlene Hyatt in Jackson County Superior Court. Heard in
the Court of Appeals 9 November 2000.

*Kenneth Clayton Dawson for plaintiff-appellee.*

*Lewis & Roberts, P.L.L.C., by Timothy S. Riordan and John H.
Ruocchio, for defendant-appellants.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Linda Stephens
and Tracey L. Jones, amicus curiae, for the North Carolina
Association of Defense Attorneys.*

MARTIN, Judge.

Plaintiff, Jimmy Lewis Watts, injured his left shoulder on 26
September 1995 when he fell off a log while working for Hemlock
Homes of the Highlands, Inc. ("Hemlock"). In response to the acci-
dent, defendant Hemlock completed a North Carolina Industrial
Commission Form 19 on 2 October 1995. The Form 19 stated that
plaintiff was a carpenter with an average weekly wage of $480.00,
based on a 40-hour work week and wages of $12.00 per hour. On 6
October 1995, a claims representative from Hemlock's carrier,

Consolidated Administrators, Inc., a predecessor of defendant Builders Mutual, filed a North Carolina Industrial Commission Form 60, "Employer's Admission of Employee's Right to Compensation Pursuant to N.C. Gen. Stat. § 97-18(b)." The Form 60 admitted Hemlock's liability for the injury and plaintiff's right to compensation. The Form 60 recited that plaintiff's average weekly wage was $480.00, which resulted in a weekly compensation rate of $320.01. Plaintiff was paid compensation at this rate until January 1996. Compensation at the same rate was reinstated on 22 February 1996. On 26 February 1996, defendants executed another Industrial Commission Form, Form 62, "Notice of Reinstatement of Compensation Pursuant to N.C. Gen. Stat. § 97-32.1 or N.C. Gen. Stat. § 97-18(b)," again stating the plaintiff's average weekly wage as $480.00 with a weekly compensation rate of $320.01. On the same date defendants executed the Form 62, defendant Builders Mutual prepared a letter to defendant Hemlock, which stated the following:

> We have received the Wage Transcript on the above employee. Agreements previously signed by this employee indicated that his Average Weekly Wages were $480.00. After computation of this Wage Transcript, we have determined that the Average Weekly Wage has now been changed to $244.73. Thus the Compensation Rate for this employee has been corrected from $320.01 to $163.16.

> Please have the employee above [Mr. Watts] sign this letter below and return to the address shown below of [sic] this letter.

Plaintiff signed the letter as directed by defendant Hemlock. Defendants sent a copy of the letter to the Industrial Commission on 18 March 1996 and again on 21 March 1996.

On 21 October 1998, plaintiff filed a certified copy of the Form 60 with the Clerk of Superior Court for Jackson County and served a copy on defendants. On 25 February 1999, plaintiff moved for the entry of judgment in the amount of $26,691.70, which is the difference between the amount due plaintiff at the compensation rate shown on the Form 60 and the amount actually paid by defendants. The Superior Court rendered judgment in favor of plaintiff, requiring defendants to pay plaintiff $29,571.88 in past due compensation and to pay "ongoing compensation to Plaintiff consistent with the Form 60 in the amount of $320.01." Defendants appeal.

**WATTS v. HEMLOCK HOMES OF THE HIGHLANDS, INC.**

[141 N.C. App. 725 (2001)]

Defendants argue that the Superior Court of Jackson County lacked subject matter jurisdiction to enter judgment in this matter because the dispute involves issues within the exclusive jurisdiction of the Industrial Commission. We agree.

Pursuant to G.S. § 97-91, "[a]ll questions arising under this Article if not settled by agreements of the parties interested therein, with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided." Once the Industrial Commission makes an award, however, the superior court has jurisdiction to enforce the award. G.S. § 97-87 provides in relevant part:

[a]ny party in interest may file in the superior court of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the Commission, or of an order or decision of the Commission, *or of an award of the Commission* unappealed from or of an award of the Commission affirmed upon appeal, whereupon said court shall render judgment in accordance therewith, and notify the parties.

N.C. Gen. Stat. § 97-87 (emphasis added).

North Carolina Industrial Commission Form 60 was promulgated by the Commission pursuant to G.S. § 97-18(b) which permits an employer to admit the compensability of an employee's injury, to pay compensation, and to notify the Commission by the Form 60, "Employer's Admission of Employee's Right to Compensation," of such action. In *Calhoun v. Wayne Dennis Heating & Air Conditioning*, 129 N.C. App. 794, 798, 501 S.E.2d 346, 349 (1998), *review dismissed*, 350 N.C. 92, 532 S.E.2d 524 (1999), this Court held that a Form 60, properly executed by the employer, is an "award" within the meaning of G.S. § 97-87 and may be converted into a court judgment.

Though plaintiff contends *Calhoun* controls the decision in the present case, we construe the holding in *Calhoun* more narrowly and believe its applicability is limited to the facts then before the Court. In *Calhoun*, the employer executed a Form 60 agreeing the employee was entitled to compensation, but then did not pay any compensation. The employee sought to enforce the payment of compensation. The employer moved to dismiss the action for failure to state a claim and contended plaintiff was not entitled to benefits. The employer made no issue as to the rate of compensation to which the employee

was entitled. This Court held that the Form 60 constituted an "award" of the Commission and that plaintiff had followed the proper procedure to have a judgment entered by the superior court. The Court noted parenthetically that pursuant to G.S. § 97-83, if the parties disagree as to "benefits," either may request a hearing before the Commission.

In the present case, there is no dispute as to compensability and the record shows that defendants have paid plaintiff compensation on a weekly basis since executing the Form 60. The issue raised by defendants is not whether the superior court had jurisdiction to enter judgment enforcing the award that plaintiff's injury is compensable pursuant to the Form 60; rather, defendants question whether the superior court had jurisdiction to resolve the dispute between the parties as to the amount, or rate, of compensation to which plaintiff is entitled, which depends on a determination of his average weekly wage. We hold this to be a question within the exclusive jurisdiction of the Commission.

G.S. § 97-82(b) specifically states that payment pursuant to G.S. § 97-18(b) (a Form 60 Payment) "shall constitute an award of the Commission *on the question of compensability of and the insurer's liability for the injury* for which payment was made." (emphasis added). Moreover, Form 60 states only "[y]our employer admits your right to compensation for an injury by accident on (date) . . . ." Below this acknowledgment of liability is a section provided for a description of the accident, the average weekly wage and resulting compensation rate, and the date which disability begins and ends. The section is captioned, in bold print and capital letters: "**THE FOLLOWING IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE AN AGREEMENT.**"

In contrast, the North Carolina Industrial Commission Form 21, which constitutes an award of the Commission as to both compensability and amount when properly approved, *see Kisiah v. W.R. Kisiah Plumbing, Inc.*, 124 N.C. App. 72, 77, 476 S.E.2d 434, 436 (1996), *disc. review denied*, 345 N.C. 343, 483 S.E.2d 169 (1997), states explicitly that the parties agree and stipulate not only as to compensability but also to the employee's average weekly wage. "Once the Form 21 agreement [is] reached and approved 'no party . . . [can] thereafter be heard to deny the truth of the matters therein set forth . . . .' " *Id.* (quoting *Dalton v. Anvil Knitwear*, 119 N.C. App. 275, 282, 458 S.E.2d 251, 257 (1995)).

By executing a Form 60 and paying compensation pursuant thereto, a defendant admits only the compensability of the employee's injury. Such admission becomes an award of the Commission as to compensability and the superior court has jurisdiction to enter a judgment pursuant to G.S. § 97-87 enforcing such award. However, where disputes arise regarding issues other than compensability, as in this case, such issues are within the exclusive jurisdiction of the North Carolina Industrial Commission.

The Superior Court exceeded its jurisdiction in entering judgment enforcing payment of an amount of compensation when such amount was in dispute, and the judgment must be vacated. The issue of the amount of compensation to which plaintiff is entitled based on his average weekly wage must be determined by the Industrial Commission. In reaching this decision, we express no opinion as to the merits of the parties' respective contentions with respect to plaintiff's average weekly wage and the amount of compensation to which he is entitled.

Vacated.

Judges TIMMONS-GOODSON and EDMUNDS concur.

Judge EDMUNDS concurred in this opinion prior to 31 December 2000.