I respectfully dissent from the majority opinion and award for the following reasons: (1) defendant's payment of benefits constitutes an award of the Commission; (2) defendants were outside the 90-day investigation period to contest the award; and (3) the majority incorrectly weighed the doctors' testimonies.
In the instant case, defendant-carrier Penn National Insurance Company referred plaintiff, Randy R. Lewis, to Dr. Ted Kunstling in November 1997 shortly after plaintiff was released from the hospital in October 1997. After an examination in December 1997, Dr. Kunstling diagnosed plaintiff with acute exacerbation of chronic obstructive pulmonary disease by a lower respiratory infection occurring subsequent to the hernia surgery. Dr. Kunstling stated that although plaintiff's pulmonary disease was not caused by the hernia injury, it was exacerbated by or during the surgical treatment of his hernia. During the surgery, plaintiff was given Versed, a sedative, which kept him calm and kept him from coughing. Dr. Kunstling opined that plaintiff aspirated oral secretions during surgery due to his inability to cough.
After defendant received Dr. Kunstling's report, it filed a Form 60 admitting plaintiff's right to compensation in the amount of $173.34 on 31 December 1997. At the time defendant completed the Form 60, it was aware that plaintiff's hernia had resolved, but that plaintiff was unable to return to work due to his pulmonary condition. The Form 60 described the injury as "Employee was changing a crankshaft using a pry bar and felt pain in the right groin area." There is no mention of a hernia or respiratory complications on the Form 60.
The defendant's filing of the Form 60 constitutes an award of the Commission. Calhoun v. Wayne Dennis Heating Air Conditioning,129 N.C. App. 794, 501 S.E.2d 346 (1998). By executing a Form 60 and paying compensation pursuant thereto, defendant admitted the compensability and liability of plaintiff's injury. Watts v. HemlockHomes of Highlands, Inc., 141 N.C. App. 725, 544 S.E.2d 1 (2001). The award may then be enforced pursuant to N.C. Gen. Stat. § 97-87. Id. An award of the Commission may only be set aside on the grounds of mutual mistake, misrepresentation, or fraud. Hogan v. Cone Mills Corp.,315 N.C. 127, 138, 337 S.E.2d 477, 483 (1985). Defendants have not alleged any of these bases to set aside the award.
Defendant-carrier argues that it only intended to pay for plaintiff's injury as to his hernia. Under section 97-18(d), an insurer has 90 days to investigate a claim while making payments to determine whether it has liability. The insurer may apply for a 30-day extension. In any event, "If the employer or insurer does not contest the compensability of the claim or its liability therefore within 90 days from the date it first has written or actual notice of the injury or death, or within such additional period as may be granted by the Commission, it waives the right to contest the compensability of and its liability for the claim under [the Act]" unless new evidence was discovered which could not have been reasonably discovered earlier. N.C. Gen. Stat. § 97-18(d) (2003). In the instant case, defendant did not contest the compensability of plaintiff's claim. In fact, defendant filed the Form 60 after plaintiff was released to return to work in regard to his hernia although he was unable to work at that time because of his pulmonary condition. Therefore, at the time the Form 60 was filed, plaintiff was receiving treatment solely for his respiratory problems. Payments voluntarily made by an employer pursuant to a Form 60 are payments made consistent with § 97-18(b). Thus, the time for investigation was triggered in September 1997. There is no evidence that defendant did anything to contest liability before it had Dr. Gregory Pape review plaintiff's medical records in November 2000, some three years after plaintiff's injury.
On 30 November 2000, Dr. Pape reviewed plaintiff's medical records. He opined that it was "quite unlikely" that plaintiff's condition was related to his hernia surgery and that it was more likely that the plaintiff's condition was "a community acquired pathogen." Dr. Pape concluded, "it was simply coincidental that [plaintiff] developed a community acquired respiratory infection around the time that he was hospitalized for his hernia repair." On 5 February 2001, Dr. Pape performed an evaluation of plaintiff. Dr. Pape determined that plaintiff did not suffer a pulmonary embolism following his hernia surgery in September 1997. Dr. Pape also noted that while in his opinion it was unlikely that plaintiff's respiratory illness was related to the hernia surgery, he specifically stated that if plaintiff did develop his respiratory illness as a complication of the surgery, "all of his subsequent respiratory problems could definitely still be related." He further opined that "they could also be unrelated, but there is no way to determine this." Under section97-18(d), defendant can contest the compensability of or liability for plaintiff's pulmonary condition when it can show that material evidence was discovered after the 90-day period could not have been reasonably discovered earlier. Id. There is no such reason stated here.
Lastly, I do not believe the majority correctly weighed the evidence presented by the medical experts. There was substantial medical evidence provided by Drs. David Schwartz, Gregory Pape, Joseph McCabe, and Ted Kunstling. Of all of these doctors, only Dr. Kunstling had treated plaintiff since 1997. Indeed, he has been treating plaintiff since 4 December 1997. Drs. Schwartz, Pape, and McCabe did not even see plaintiff's medical records until 2000 and had no first hand knowledge of plaintiff's initial respiratory problems. Drs. Schwartz and Pape only examined plaintiff once and neither performed a pulmonary function test, unlike Dr. Kunstling. Dr. McCabe testified that plaintiff's current condition appeared to be related to the pneumonia. Dr. Schwartz testified that he was unable to pinpoint a causality because he did not have a diagnosis for plaintiff and had never even reviewed plaintiff's x-rays. Only Dr. Pape seemed strongly convinced that plaintiff's respiratory problems were not aggravated or caused by the hernia surgery.
If the Commission's findings are based entirely upon the weight of one doctor's expert opinion testimony, that testimony must be competent and not based on "conjecture and speculation." Young v. Hickory Bus.Furniture, 353 N.C. 227, 230-31, 538 S.E.2d 912, 914-15 (2000). Dr. Pape's testimony was purely based on speculation. He did not examine plaintiff until February 2001. He never ran a pulmonary function test on plaintiff and had not read the results of tests done on plaintiff by any other doctor. He had no direct knowledge of plaintiff's initial respiratory problems after the surgery and did not even review plaintiff's medical records until November 2000. Dr. Pape relied heavily on the guidelines of the American Thoracic Society in developing his conclusion. However, this does not serve as a guideline for plaintiff's circumstances. Of all the medical evidence presented in this case, the majority incorrectly chose to give Dr. Pape's testimony the greatest weight.
Thus, based on (1) defendant's payment of benefits pursuant to a Form 60 and voluntary payment of benefits for approximately three years after being advised that plaintiff's inability to work was caused by his pulmonary condition; (2) defendant's untimely contenting of liability; and (3) the incorrect weighing of the doctors' testimonies, I respectfully dissent from the opinion and award of the Full Commission.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER