ANGELA KASHINO, Employee, Plaintiff v. CAROLINA VETERINARY SPECIALISTS MEDICAL SERVICES, Employer, ATLANTIC MUTUAL/GAB ROBINS, Carrier, Defendants

No. COA06-1535

(Filed 16 October 2007)

**Workers' Compensation— occupational disease—Lyme disease—failure to show employment placed at increased risk**

> The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff employee did not prove that there was a causal relationship between her employment as a veterinary technician and her Lyme disease because: (1) although the employment-related accident need not be the sole causative force to render an injury compensable, plaintiff must prove that the accident was a causal factor by a preponderance of the evidence; (2) a doctor's testimony on the issue of causation was at best equivocal, and the portions of the doctor's testimony relied on by plaintiff are not dispositive in light of the doctor's other testimony that supported a finding of no causation; (3) there was competent evidence in the record supporting a finding of no causal link; and (4) although plaintiff contends the Commission's finding of no causation should be rejected based on a consideration of the circumstantial evidence before the Commission as permitted by case law, the dispositive difference between this case and the others cited by plaintiff is that the Commission found causation and awarded benefits in the other cases whereas the Commission found there was no causal relationship between the employment and plaintiff's condition in the instant case.

KASHINO v. CAROLINA VETERINARY SPECIALISTS MED. SERVS.

[186 N.C. App. 418 (2007)]

Appeal by plaintiff from opinion and award entered 22 August 2006 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 June 2007.

*Bollinger & Piemonte, PC, by Bobby L. Bollinger, Jr. and William C. Winebarger, for plaintiff-appellant.*

*Hedrick Eatman Gardner & Kincheloe, LLP, by Harmony Whalen Taylor, for defendants-appellees.*

GEER, Judge.

Plaintiff Angela Kashino appeals from the North Carolina Industrial Commission's opinion and award denying her claim for workers' compensation benefits. The Commission concluded that plaintiff, who suffers from Lyme disease, failed to carry her burden of demonstrating that her illness was either a compensable injury by accident or an occupational disease. Because there is competent evidence supporting the Commission's finding that plaintiff failed to prove a causal connection between her Lyme disease and her employment, we affirm the opinion and award of the Commission.

## Facts

At the time of the hearing before the deputy commissioner in April 2005, plaintiff was 26 years old. Several years earlier, in January 2000, plaintiff began working as a veterinary technician for defendant-employer Carolina Veterinary Specialists Medical Services. Before her job with defendant-employer, plaintiff worked as a receptionist in a different animal hospital, but was not involved in the treatment of animals.

Defendant-employer provides both emergency and ongoing care to animals. Plaintiff worked primarily in the emergency department, where she was responsible for a range of activities, including: carrying and restraining animals, taking vital signs, doing blood work, taking x-rays, giving medication, cleaning cages, and preparing animals for surgery. These and other tasks placed plaintiff in prolonged direct physical contact with hundreds of animals.

Plaintiff testified that she would occasionally spot ticks crawling on the floor or walls of defendant-employer's facility and also on the animals that she treated. She would occasionally find ticks on her body during or after work. Plaintiff specifically recalled that one day, in February 2001, she was treating an injured dog named "Scooby

Doo," who was infested with ticks and fleas. According to plaintiff, when she returned home after this shift, she and her husband discovered and removed two small ticks attached to her shoulder.

Over a year after this incident, in March or April 2002, plaintiff began experiencing nausea, vomiting, and headaches while pregnant with her second child. Plaintiff's symptoms persisted and worsened, such that in April 2003 she began missing substantial time at work. She was treated by doctors throughout this period, but it was not until April or May 2004 that plaintiff was diagnosed with Lyme disease.

Following the diagnosis of Lyme disease, plaintiff came under the care of Dr. Joseph Jemsek, an internist specializing in infectious diseases. In his deposition, Dr. Jemsek explained that Lyme disease is a tick-borne illness transmitted by deer or black-legged ticks. He also indicated that current medical evidence suggests that generally a tick must be attached to its host for approximately 24 hours in order to transmit the Lyme disease-causing bacteria.

After hearing the evidence in this case, Deputy Commissioner George T. Glenn II concluded that plaintiff was not entitled to workers' compensation benefits—for either an injury by accident or occupational disease—because she had failed to prove a causal relationship between the Lyme disease and her job. On 22 August 2006, the Full Commission adopted the deputy commissioner's opinion and award with modifications. The Full Commission agreed that plaintiff failed to prove a causal relationship between her condition and her job, but also concluded that plaintiff failed to prove that her job placed her at an increased risk of contracting Lyme disease. Plaintiff timely appealed to this Court.

## Discussion

"[A]ppellate review of an award from the Commission is generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Johnson v. Southern Tire Sales & Serv.*, 358 N.C. 701, 705, 599 S.E.2d 508, 512 (2004). The findings of the Commission are conclusive on appeal when supported by competent evidence, even though there may be evidence to support a contrary finding. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). "In weighing the evidence, the Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and the Commission may reject entirely any testi-

mony which it disbelieves." *Hedrick v. PPG Indus.*, 126 N.C. App. 354, 357, 484 S.E.2d 853, 856, *disc. review denied*, 346 N.C. 546, 488 S.E.2d 801 (1997).

Plaintiff first contends the Commission erred in concluding that she did not prove that her employment placed her at an increased risk of contracting Lyme disease. *See Rutledge v. Tultex Corp.*, 308 N.C. 85, 93-94, 301 S.E.2d 359, 365 (1983) (in order to establish occupational disease under N.C. Gen. Stat. § 97-53(13) (2005), plaintiff must show "the employment exposed the worker to a greater risk of contracting the disease than the public generally"); *Minter v. Osborne Co.*, 127 N.C. App. 134, 138, 487 S.E.2d 835, 838 (holding that "[s]ince there is no evidence to support a finding that plaintiff was at an increased risk of insect stings, the conclusion that the sting was an accident or injury arising out of the employment is error and the award of benefits must be reversed"), *disc. review denied*, 347 N.C. 401, 494 S.E.2d 415 (1997). While we agree that plaintiff submitted sufficient expert testimony to support a finding of increased risk, we must nonetheless affirm the Full Commission since it was entitled to conclude, as it did, that plaintiff failed to prove a causal relationship between her employment and the Lyme disease.

It is well settled that, in order to establish a compensable occupational disease, the employee must show " 'a causal connection between the disease and the [claimant's] employment.' " *Rutledge*, 308 N.C. at 93, 301 S.E.2d at 365 (quoting *Hansel v. Sherman Textiles*, 304 N.C. 44, 52, 283 S.E.2d 101, 105-06 (1981)). Likewise, the worker must prove causation if he or she is to recover based on the occurrence of an injury by accident: "An injury is compensable as employment-related if any reasonable relationship to employment exists. Although the employment-related accident need not be the sole causative force to render an injury compensable, the plaintiff must prove that the accident was a causal factor by a preponderance of the evidence." *Holley v. ACTS, Inc.*, 357 N.C. 228, 231-32, 581 S.E.2d 750, 752 (2003) (internal quotation marks and citations omitted). As explained by our Supreme Court, "[t]o establish the necessary causal relationship for compensation under the Act, 'the evidence must be such as to take the case out of the realm of conjecture and remote possibility.' " *Chambers v. Transit Mgmt.*, 360 N.C. 609, 616, 636 S.E.2d 553, 557 (2006) (quoting *Gilmore v. Hoke County Bd. of Educ.*, 222 N.C. 358, 365, 23 S.E.2d 292, 296 (1942)).

In this case, plaintiff's counsel asked Dr. Jemsek whether, "more likely than not, there is a causal connection between the

disease and [plaintiff's] employment," and the doctor replied, "[t]hat's a fair statement." Dr. Jemsek nonetheless qualified this opinion on cross-examination:

Q. Okay. Dr. Jemsek, is there any definitive way to know whether [plaintiff] contracted Lyme disease due to her job, or just to exposure of daily living, walking to get the mail?

A. No.

Q. Okay. Just because a person is bitten by a tick, and that tick is attached for a minor amount of time, does that, necessarily, immediately lead them to contract Lyme disease?

A. No. It depends on whether the tick is infected.

Q. Okay. The only way to know if that tick is infected—or specifically, in this case, if the tick that infected [plaintiff] was from her job—is if we had that actual tick; is that correct?

A. Correct. Or if she can identify a tick she's quite certain was acquired at work, followed by an EM rash.

Q. Otherwise, if we don't have that tick, or those records that you've just described, it's just speculation as to what we think may have happened?

A. Right.

Q. Okay. Dr. Jemsek, on [d]irect you testified that it was more likely than not, that [plaintiff] contracted Lyme disease from her job—

A. *No. I didn't say that. I said that I think she was at an increased risk for exposure to ticks at a veterinary clinic* . . . .

. . . .

Q. And, by that same token, there's no way to know whether she had a primary infection, when she was a child, which was reaggravated by something that occurred from a tick dropping from a tree while she was getting the mail; is that right?

A. That's right. Not necessarily a tick bite. Something traumatic could have happened, or for whatever reason, she lost immune containment, without a known tick bite.

(Emphasis added.) The record thus shows that, on the issue of causation, Dr. Jemsek's testimony was at best equivocal.

From the evidence presented, the Commission made the following findings:

17. Although plaintiff has testified that she removed two small ticks from her person on February 15, 2001, it would be mere speculation to attribute plaintiff's Lyme Disease to this incident. There has been no evidence that the ticks removed were of the appropriate variety of tick to cause Lyme Disease. Nor has evidence been presented that the ticks removed on February 15, 2001 were attached a sufficient amount of time to transmit Lyme Disease.

18. The undersigned find as fact that plaintiff has failed to prove that there is a causal connection between plaintiff's Lyme disease and her employment.

Plaintiff disputes these findings, contending that Dr. Jemsek's testimony was "sufficient" to carry her burden on the causation issue. While perhaps "sufficient," the portions of Dr. Jemsek's testimony relied on by plaintiff are not dispositive in light of the doctor's other testimony that supports a finding of no causation.

As stated on many occasions, the appellate " 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). By combing the transcript, we could find excerpts supportive of plaintiff's position, but "this Court's role is not to engage in such a weighing of the evidence." *Alexander v. Wal-Mart Stores, Inc.*, 166 N.C. App. 563, 573, 603 S.E.2d 552, 558 (2004) (Hudson, J., dissenting), *adopted per curiam*, 359 N.C. 403, 610 S.E.2d 374 (2005). Since there is competent evidence in the record supporting the finding of no causal link, that finding must stand. *See Carroll v. Town of Ayden*, 160 N.C. App. 637, 642-43, 586 S.E.2d 822, 826-27 (2003) (upholding Commission's finding that plaintiff's hepatitis C infection was not caused by his employment where two doctors presented contrasting testimony and noting, further, that appellate court "cannot overrule the Commission's findings of fact merely because plaintiff presented evidence which would support a contrary finding"), *aff'd per curiam*, 359 N.C. 66, 602 S.E.2d 674 (2004).

Plaintiff further argues that we should reject the Commission's finding of no causation by considering the circumstantial evidence

before the Commission, as permitted by our case law. *See Booker v. Duke Med. Ctr.*, 297 N.C. 458, 476, 256 S.E.2d 189, 200 (1979) ("In the case of occupational diseases proof of a causal connection between the disease and the employee's occupation must of necessity be based on circumstantial evidence."); *Keel v. H & V, Inc.*, 107 N.C. App. 536, 540, 421 S.E.2d 362, 366 (1992) ("Circumstantial evidence of the causal connection between the occupation and the disease is sufficient. . . . Absolute medical certainty is not required."). According to plaintiff, the circumstantial evidence in this case—namely, that she was frequently exposed to ticks at work; that she was not significantly exposed to ticks outside of work; and that she had no history of Lyme disease prior to working for defendant-employer—is comparable to the evidence in *Booker* and *Keel*.

There is, however, a dispositive difference between this case and *Booker* and *Keel*. In *Booker* and *Keel*, the Court was reviewing an opinion and award in which the Commission found causation and awarded benefits. Here, the Commission found that there was no causal relationship between the employment and plaintiff's condition. Because the record contains evidence to support that finding, and because we may not review the weight or credibility of this evidence, we must affirm.

Affirmed.

Judges CALABRIA and JACKSON concur.