LORI PEREZ, Employee, Plaintiff v. AMERICAN AIRLINES/AMR CORP., Employer, AIG VENDOR SERVICES, Carrier, (Administered by Specialty Risk Services), Defendants

No. COA04-1573

(Filed 18 October 2005)

### 1. Workers' Compensation— indemnity compensation—time limitations—Form 60 payments—not a final award

A workers' compensation plaintiff was not barred from further indemnity compensation by the time requirements of N.C.G.S. § 97-47, which limits review of awards to two years from the date of last payment. That statute applies only where there has been a final award; the Form 60 payments here were at most an interlocutory award resolving the issue of compensability but not the nature and extent of any disability.

### 2. Workers' Compensation— disc injury—causation—testimony sufficient

The findings and conclusion of the Industrial Commission that a workers' compensation plaintiff's herniated disc was causally related to her compensable injury was supported by competent evidence.

PEREZ v. AMERICAN AIRLINES/AMR CORP.

[174 N.C. App. 128 (2005)]

**3. Workers' Compensation— disability award—causation—evidence sufficient**

The Industrial Commission did not err by awarding a 10% permanent disability where there was competent evidence to support a finding that a workers' compensation plaintiff's herniated disc was causally related to her injury.

**4. Workers' Compensation— additional medical treatment—presumption**

A workers' compensation plaintiff was entitled to the presumption that additional medical treatment for her back injury was directly related to the compensable injury. Although defendant pointed to testimony that it was impossible to say whether plaintiff's back problems were related to the injury, the weight of that testimony is properly determined by the Commission.

Appeal by defendants from opinion and award entered 31 August 2004 by the North Carolina Industrial Commission. Heard in the Court of Appeals 8 June 2005.

*Brooks, Stevens & Pope, P.A., by Joy H. Brewer and Kimberley A. D'Arruda, for defendants-appellants.*

*Scudder & Hedrick, by John A. Hedrick, for plaintiff-appellee.*

ELMORE, Judge.

Lori Perez (plaintiff) was employed by American Airlines/AMR Corporation (defendant) as a flight attendant beginning in 1983. On 3 July 1998 plaintiff was performing her job duties in London, England. While walking down a stairway carrying luggage, she slipped and fell. Plaintiff landed on her buttocks and immediately felt pain in her right leg, right hip, and lower back. Defendant filed a Form 60, admitting plaintiff's right to compensation, with the North Carolina Industrial Commission (Commission) on 17 July 1998. Pursuant to the Form 60, defendant paid plaintiff compensation for temporary total disability beginning on 9 July 1998 at a rate of $532.00 per week.

Plaintiff was treated by Dr. Dwayne Patterson beginning in August of 1998. Plaintiff returned to her position as a flight attendant on 1 November 1998. In April of 2000, plaintiff suffered a flare-up of the lower back pain symptoms she had been experiencing since the 1998 injury. Plaintiff testified that she received treatment from Dr. Patterson and was able to return to work in June of 2000. Defendant

filed a Form 28B with the Commission stating that plaintiff's last indemnity compensation was paid on 21 June 2000 and that her last medical compensation was paid on 18 September 2000.

Following the events of 11 September 2001, plaintiff decided to resign from her position as a flight attendant in November of 2001. In January of 2002, plaintiff began a new position as a bank teller at RBC Centura. Plaintiff testified that her lower back pain started to intensify again in the spring of 2002. Plaintiff began receiving treatment from Dr. Dale Patrick, a chiropractor, on 23 July 2002. Dr. Patrick suspected that plaintiff might have a herniated disc. Plaintiff's condition worsened, and she was evaluated in the emergency department of Rex Hospital on 30 July 2002. Dr. Dennis Bullard reviewed plaintiff's MRI, which revealed that she had a herniated disc at L5-S1. Subsequently, on 2 August 2002, Dr. Bullard performed a microdiskectomy at L5-S1. Plaintiff stated that, due to her treatment and surgery, she was unable to work from 29 July 2002 through 30 August 2002. She returned to her position at RBC Centura and worked part-time through the end of September 2002, at which time she returned to full-time work.

Plaintiff filed a Form 18M, requesting additional medical compensation for her back injury, on 29 August 2002. Plaintiff also filed a Form 33 request for a hearing, claiming additional indemnity compensation. Defendant filed a response to plaintiff's request for hearing, denying her claims for additional compensation. The claims were heard before Deputy Commissioner George R. Hall on 13 May 2003. Deputy Commissioner Hall entered an opinion and award on 29 December 2003 awarding plaintiff temporary total disability compensation from 22 July 2002 through 2 September 2002; temporary partial disability compensation from 3 September 2002 through 26 September 2002; permanent partial disability compensation for 30 weeks beginning 6 January 2003; and additional future medical compensation. Defendant appealed to the Full Commission. On 31 August 2004 the Commission entered an opinion and award affirming the opinion and award of Deputy Commissioner Hall. Defendant filed timely notice of appeal to this Court.

Defendant raises the following issues on appeal: (1) whether the Commission erred in concluding that plaintiff's claim for additional indemnity compensation was not time-barred under Section 97-47 of our General Statutes; (2) whether the Commission erred in finding and concluding that plaintiff's herniated disc was causally related to her compensable injury of 1998; and (3) whether the Com-

mission erred in concluding that plaintiff was entitled to additional medical compensation under N.C. Gen. Stat. § 97-25. We affirm on all three issues.

### Applicability of Section 97-47

**[1]** Defendant asserts that plaintiff's claim for additional indemnity compensation was barred under the time limitations stated in N.C. Gen. Stat. § 97-47. Section 97-47 provides, in pertinent part, that

> upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded . . . . [N]o such review shall be made after two years from the date of the last payment of compensation pursuant to an award under this Article[.]

N.C. Gen. Stat. § 97-47 (2003). It is undisputed that plaintiff filed her claim for additional indemnity compensation more than two years after the final payment of indemnity compensation. Nonetheless, plaintiff's claim was not time-barred if the statute has no applicability to the facts here. N.C. Gen. Stat. § 97-47 applies only where there has been a final award of workers' compensation benefits. *See Beard v. Blumenthal Jewish Home*, 87 N.C. App. 58, 60, 359 S.E.2d 261, 262 (1987) (citing *Pratt v. Central Upholstery Co., Inc.*, 252 N.C. 716, 115 S.E.2d 27 (1960)), *disc. review denied*, 321 N.C. 471, 364 S.E.2d 918 (1988). We agree with defendant that an employer's payment of compensation pursuant to a Form 60 filed with the Commission is an enforceable award on the compensability of the employee's injury. *See* N.C. Gen. Stat. § 97-82(b) (2003) (payments pursuant to N.C. Gen. Stat. § 97-18(b), Form 60 payments, "shall constitute an award of the Commission on the question of compensability of and the insurer's liability for the injury for which payment was made."). However, we reject defendant's argument that an employer's Form 60 payments constitute a *final* award within the meaning of N.C. Gen. Stat. § 97-47.

The applicability of N.C. Gen. Stat. § 97-47 to an award which determines some aspects of the employee's claim but does not resolve permanent disability was addressed in *Beard v. Blumenthal Jewish Home*, 87 N.C. App. 58, 359 S.E.2d 261 (1987). In *Beard*, the plaintiff-employee injured her back during a work-related accident. The Commission approved a Form 21 agreement executed by the par-

ties, wherein the employer admitted liability under the Workers' Compensation Act and agreed to pay the plaintiff compensation at a specified rate. *Beard,* 87 N.C. App. at 58-59, 359 S.E.2d at 261. The plaintiff returned to work and received the insurance carrier's final compensation payment in 1980. *Id.* at 59, 359 S.E.2d at 261. Following a surgery for a ruptured disc in 1983 and a recovery period, the plaintiff filed a .claim for additional compensation in 1985. *Id.* The Commission concluded that the plaintiff's claim was time-barred under N.C. Gen. Stat. § 97-47 because the Form 21 agreement constituted a final award and the plaintiff failed to file the claim for additional compensation within two years of the last payment of compensation. *Id.* at 59-60, 359 S.E.2d at 261-62. This Court reversed, concluding that the Form 21 agreement was an interlocutory award because it did not determine the. extent of the plaintiff's permanent disability. *Id.* at 60, 359 S.E.2d at 262. In fact, the agreement "said nothing about plaintiff either having or not having a permanent disability." *Id.* The Court explained that N.C. Gen. Stat. § 97-47 was enacted to "establish[] conditions under which otherwise final disability awards can be reviewed and revised when changes occur; it does not establish either a procedure or a limitations period for processing unresolved claims for permanent disability." *Id.* at 63, 359 S.E.2d at 264.

In the instant case, the Form 60 filed by defendant does not resolve the extent of plaintiff's permanent disability. Indeed, like the Form 21 agreement at issue in *Beard,* the Form 60 does not mention permanent disability. At most, the Form 60 payments were an interlocutory award resolving the issue of compensability but not the nature and extent of any disability. *See Watts v. Hemlock Homes of the Highlands, Inc.,* 141 N.C. App. 725, 729, 544 S.E.2d 1, 3 (2001) ("By executing a Form 60 and paying compensation pursuant thereto, a defendant admits *only the compensability* of the employee's injury.") (emphasis added). The Form 60 payments of temporary total disability compensation did not constitute a final award contemplated by N.C. Gen. Stat. § 97-47. Thus, the Commission did not err in concluding that N.C. Gen. Stat. § 97-47 did not apply to bar plaintiff's claim for further indemnity compensation.

### Causal Relationship

[2] Next, defendant argues that there was no competent evidence to support the findings and conclusion of the Commission that plaintiff's herniated disc was causally related to her compensable injury of July

1998. The Commission made the following findings of fact on the expert causation testimony:

> 17.  Dr. Bullard stated that he felt it was possible for plaintiff as a result of her injury at work to have sustained the injury she described and the damage to ligamentous structures which resulted in the ruptured disc on which he operated in 2002. He also stated that plaintiff's herniated disc was related to her compensable injury based upon her history of continuous recurrent symptoms since the time of the injury and the absence of those symptoms before the injury. Dr. Bullard felt to a reasonable degree of medical probability that plaintiff's central disc herniation at L5-S1 and her need for a microdiskectomy was a direct and natural result of her injury in 1998.

> 18.  At his deposition Dr. Patterson stated that the right-sided disc herniation at L5-S1 could have provided the same symptoms for which he treated her in 2000 and that the herniation could have progressed over time.

> 19.  Dr. Patrick expressed his opinion that it was highly probable that plaintiff's compensable injury by accident caused the disc insult that led to the herniation in 2002.

> 20.  The Full Commission finds based upon the greater weight of the credible medical evidence that plaintiff's herniated disc was causally related to her compensable injury on July 3, 1998. The treatment she received for her low back condition in 2002 was reasonably necessary to effect a cure, provide relief and lessen her period of disability.

First, defendant asserts that the causation opinions of Dr. Patrick and Dr. Bullard are mere conjecture or speculation. We disagree. Dr. Patrick opined that it was "highly probable" that the July 1998 injury caused the disc insult that led to the herniation. Dr. Bullard expressed his causation opinion that the disc herniation and need for a microdiskectomy were a direct and natural result of the 1998 injury "to a reasonable degree of medical probability." These statements are sufficient to support a finding of a causal relationship between the medical condition and the work-related injury. *See Adams v. Metals USA*, 168 N.C. App. 469, 482, 608 S.E.2d 357, 365 (holding that testimony was sufficient to support finding of causation when doctor testified that if the plaintiff was asymptomatic before he fell and developed symptoms after he fell, then the doctor "certainly

believe[d]" that the fall caused the plaintiff's injury), *aff'd per curiam*, 360 N.C. 54, —— S.E.2d —— (7 October 2005) (No. 156A05). As has been previously stressed, it is not "the role of this Court to comb through the testimony and view it in the light most favorable to the defendant . . . . Although by doing so, it is possible to find a few excerpts that might be speculative, this Court's role is not to engage in such a weighing of the evidence." *Alexander v. Wal-Mart Stores, Inc.*, 166 N.C. App. 563, 573, 603 S.E.2d 552, 558 (2004) (Hudson, J., dissenting), *adopted per curiam*, 359 N.C. 403, 610 S.E.2d 374 (2005).

Defendant points out that Dr. Patterson, in contrast to the other two experts, testified that it was possible that plaintiff's herniated disc was related to her injury in 1998 but that he could not make this connection to a reasonable degree of medical certainty:

Q. So would you agree that at this point in time, it would be speculation to relate the herniated disc in July of 2002 to the work injury in 1998?

A. I think it's—yeah, I think it's hard to say. I think it's specul—I guess you would say it's speculative. I mean, there's just no way to say for sure. I mean, it's possible, but it's not definite.

After reviewing the evidence and the testimony of the expert witnesses, the Commission found, in finding of fact number 20, that plaintiff's herniated disc was causally related to her compensable injury based upon the greater weight of the credible medical evidence. Defendant's argument regarding the credibility of Dr. Bullard and Dr. Patrick in light of Dr. Patterson's testimony must fail, as the Commission could have found the testimony of these two expert witnesses more credible than the testimony of Dr. Patterson. *See Adams v. AVX Corp.*, 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (determining credibility and the weight to be given witness testimony is the role of the Commission). As there is competent evidence to support the Commission's findings of the causal relationship between the treatment in 2002 and the injury in 1998, we are bound by them. *Id.* at 681, 509 S.E.2d at 414. The Commission's corresponding conclusion of law that plaintiff's herniated disc was causally related to the compensable injury of 1998 is supported by its findings.

[3] Defendant also challenges the finding that, as a result of the 1998 injury, plaintiff has a 10% permanent functional impairment of her back. This finding is supported by the medical opinion of Dr. Bullard, who assigned a 10% permanent impairment rating to plaintiff's disc

injury. Defendant does not dispute Dr. Bullard's opinion that plaintiff suffered a 10% permanent impairment as a result of the herniated disc. Instead, defendant argues that the opinion is immaterial because there is no competent evidence that the herniated disc is causally related to the compensable injury of 1998. However, as discussed *supra*, there is competent evidence in the record to support the finding that plaintiff's herniated disc was causally related to the 1998 injury. The Commission did not err in awarding plaintiff compensation for a 10% permanent disability.

## Additional Medical Compensation

**[4]** Finally, defendant contends that the Commission erred in concluding that plaintiff was entitled to additional medical compensation under N.C. Gen. Stat. § 97-25. Specifically, defendant assigns error to conclusion of law number 2, in which the Commission stated that plaintiff was entitled to a rebuttable presumption that the herniated disc was directly related to the original compensable injury and that defendant failed to rebut this presumption.

Defendant argues that the Commission misapplied the law by concluding that the *Parsons* presumption applies to plaintiff's claim for additional medical compensation. A party seeking additional medical compensation pursuant to N.C. Gen. Stat. § 97-25 must establish that the treatment is "directly related" to the compensable injury. *See Pittman v. Thomas & Howard*, 122 N.C. App. 124, 130, 468 S.E.2d 283, 286, *disc. review denied*, 343 N.C. 513, 472 S.E.2d 18 (1996). Where a plaintiff's injury has been proven to be compensable, there is a presumption that the additional medical treatment is directly related to the compensable injury. *See Reinninger v. Prestige Fabricators, Inc.*, 136 N.C. App. 255, 259, 523 S.E.2d 720, 723 (1999); *Parsons v. Pantry, Inc.*, 126 N.C. App. 540, 542, 485 S.E.2d 867, 869 (1997). The employer may rebut the presumption with evidence that the medical treatment is not directly related to the compensable injury. *Reinninger*, 136 N.C. App. at 259, 523 S.E.2d at 723.

The employer's filing of a Form 60 is an admission of compensability. *See Sims v. Charmes/Arby's Roast Beef*, 142 N.C. App. 154, 159, 542 S.E.2d 277, 281 (employer filing Form 60 pursuant to N.C. Gen. Stat. § 97-18(b) "will be deemed to have admitted liability and compensability"), *disc. review denied*, 353 N.C. 729, 550 S.E.2d 782 (2001). Thereafter, the employer's payment of compensation pursuant to the Form 60 is an award of the Commission on the issue of compensability of the injury. *See* N.C. Gen. Stat. § 97-82(b); *Calhoun v.*

*Wayne Dennis Heating & Air Cond.*, 129 N.C. App. 794, 798, 501 S.E.2d 346, 349 (1998), *review dismissed*, 350 N.C. 92, 532 S.E.2d 524 (1999). As the payment of compensation pursuant to a Form 60 amounts to a determination of compensability, we conclude that the *Parsons* presumption applies in this context. Although this is an issue of first impression, we are guided by this Court's parallel analysis of the presumption of continuing disability created by a Form 21 agreement between the parties to a workers' compensation claim. A Form 21 agreement, when properly executed by the parties and approved by the Commission, is an admission of disability. *See Kisiah v. W.R. Kisiah Plumbing*, 124 N.C. App. 72, 77, 476 S.E.2d 434, 436 (1996), *disc. review denied*, 345 N.C. 343, 483 S.E.2d 169 (1997). A plaintiff is entitled to a presumption of continuing disability in this context because the approved Form 21 "is the equivalent of proof that plaintiff is disabled." *Id.* (internal citation omitted). It follows logically that because payments made pursuant to a Form 60 are an admission of compensability under the Workers' Compensation Act, these payments are the equivalent of an employee's proof that the injury is compensable. As compensability has been determined by the employer's Form 60 payments, the *Parsons* presumption applies to shift the burden to the employer.

Defendant asserts that a Form 60 cannot give rise to the *Parsons* presumption unless the plaintiff's claim for compensation has been "approved" by the Commission. We reject this assertion. Defendant cites to *Porter v. Fieldcrest Cannon, Inc.*, 133 N.C. App. 23, 514 S.E.2d 517 (1999). In that case, the plaintiff's claim for workers' compensation benefits was denied by the deputy commissioner, and the decision by the deputy commissioner was affirmed by the Full Commission. *Porter*, 133 N.C. App. at 25, 514 S.E.2d at 520. The Court stated that, because the Commission had not "approved" the plaintiff's claim, the *Parsons* presumption did not apply and the plaintiff had the burden of establishing a causal relationship between the work-related incident and her medical conditions. *Id.* at 28, 514 S.E.2d at 521. The facts of *Porter*, which do not include the filing of a Form 60 by the employer, are readily distinguishable from the facts of the case at bar. Because defendant stipulated to the compensability of the injury here, plaintiff was entitled to a rebuttable presumption that the medical treatment for her back injury was directly related to the original compensable injury.[1]

---

1. Defendant also argues that plaintiff's herniated disc was a different injury from the injury stated on the Form 60 and, therefore, the admission of compensability does not cover this later and distinct injury. Defendant described the injury on the Form 60

**PEREZ v. AMERICAN AIRLINES/AMR CORP.**

[174 N.C. App. 128 (2005)]

Defendant offers no expert testimony or affirmative medical evidence tending to show that the treatment for plaintiff's herniated disc is not directly related to the compensable injury of 1998. Although defendant emphasizes that Dr. Patterson stated that it was impossible to say whether plaintiff's back problems of 2002 were related to the injury of 1998, Dr. Patterson also testified that the herniation was within an inch or two of the location where he treated plaintiff in 2000 and that "there's no doubt that you can start with a small disc herniation or a bulge or something and it can progress over a period of time[.]" Dr. Patterson last evaluated plaintiff on 5 June 2000, and his testimony is equivocal on whether the symptoms of 2002 could be directly related to the symptoms that continued from 1998 through 2000. The weight of the testimony is properly determined by the Commission, not by this Court. *See Adams*, 349 N.C. at 680, 509 S.E.2d at 413. Defendant has failed to rebut the presumption that the treatment in 2002 was directly related to the injury of 1998. As such, we hold that the Commission did not err in concluding that plaintiff was entitled to a presumption that additional medical treatment for her back injury was directly related to the 1998 compensable injury.

For the reasons discussed above, we affirm the opinion and award of the Commission.

Affirmed.

Judges CALABRIA and GEER concur.

---

as "Sprain, Strain Lower Back." However, the section provided for this description of the injury is located below a caption stating, "THE FOLLOWING IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE AN AGREEMENT[.]" The presumption of compensability applies to future symptoms allegedly related to the original compensable injury. We can conceive of a situation where an employee seeks medical compensation for symptoms completely unrelated to the compensable injury. But the burden of rebutting the presumption of compensability in this situation, although slight, would still be upon the employer.