***********
Plaintiff sustained an injury due to a fall on January 28, 2004, and Defendants admitted compensability for an injury to the cervical spine on a Form 60. Defendants have filed a Form 61 denying that Plaintiff's right shoulder condition is causally related to the January 28, 2004 fall. Defendants have provided medical benefits to Plaintiff for his cervical spine condition. On December 19, 2008, Plaintiff filed a Form 33 Request that Claim be Assigned for Hearing, alleging that Defendants had failed to provide treatment as recommended by the authorized treating physician. Defendants responded by filing a Form 33R alleging that Plaintiff continued to receive all benefits to which he was entitled for the compensable injury he sustained to his cervical spine on January 28, 2004. Thereafter, the claim was assigned for hearing through the expedited medical motion procedure and Deputy Commissioner Robert Rideout conducted a *Page 2 
telephone conference on January 5, 2009 to determine whether Plaintiff was entitled to authorization of physical therapy and a right shoulder IME.
Deputy Commissioner Rideout filed a Post-Conference Order on January 5, 2009 ordering a right shoulder IME with Dr. Martini as requested by Defendants, as well as a right shoulder IME with Dr. Speer as requested by Plaintiff. He also allowed the parties to submit additional evidence on the physical therapy issue. Following the receipt of the parties' Contentions, Deputy Commissioner Rideout ordered Defendants to authorize physical therapy by an Order entered on January 23, 2009. Neither side appealed from this Order.
At Plaintiff's request the parties participated in a second conference before Deputy Commissioner Rideout on March 16, 2009 in order to address treatment for Plaintiff's right shoulder condition. Defendants' IME physician, Dr. Martini, had noted in his IME report that Plaintiff's fall "would be a potential mechanism for his current right shoulder pain." He also noted that Plaintiff had findings indicating a rotator cuff injury, but it was unclear to Dr. Martini whether he had chronic tendinosis versus a rotator cuff tear. Dr. Martini requested authorization for an MRI arthrogram of Plaintiff's right shoulder to provide more diagnostic information. Defendants would not authorize the MRI arthrogram. For the conference Plaintiff presented a medical note from Dr. Dennis Bullard dated September 18, 2008 indicating that Plaintiff injured his shoulder in the original fall. Following the conference, Deputy Commissioner Rideout requested that the parties submit another set of Contentions with an analysis of the right shoulder claim and the decisions in Parsons v.Pantry, Inc., 126 N.C. App. 540, 485 S.E.2d 867 (1997) and Perez v.American Airlines, 174 N.C. App. 128, 620 S.E.2d 288 (2005). Both parties submitted Contentions by March 23, 2009. On May 28, 2009, Deputy Commissioner Rideout issued an Order stating that Plaintiff's Motion for further medical treatment is ALLOWED and *Page 3 
that treatment for the right shoulder is ALLOWED. On June 9, 2009 Defendants filed Notice of Appeal of the May 28, 2009 Order of Deputy Commissioner Rideout to the Full Commission.
Before the Full Commission, Plaintiff is contending that his current right shoulder condition is causally related to the admittedly compensable injury he sustained on January 28, 2004 as a result of his fall and is requesting authorization for an MRI arthrogram and treatment for the right shoulder. Defendants are contending that Plaintiff's right shoulder condition is not causally related to his compensable fall on January 28, 2004 and he is not entitled to medical treatment for his shoulder. Based upon medical records in evidence, Plaintiff sustained multiple injuries due to his fall and complained of left lower extremity pain, neck stiffness, and right arm and shoulder weakness within a short period of time after the fall. However, after review of the evidence and having heard the oral arguments of the parties the Full Commission finds and concludes that the MRI arthrogram requested by Dr. Martini should be allowed and that the Defendants should be allowed an opportunity to present additional evidence on the compensability of Plaintiff's right shoulder condition. N.C. Gen. Stat. § 97-25.
IT IS THEREFORE ORDERED that Defendants shall authorize the MRI arthrogram requested by Dr. Martini within 10 days and that this case is remanded to Chief Deputy Commissioner Wanda B. Taylor for assignment to a Deputy Commissioner for hearing on Plaintiff's Form 33 Request for Hearing dated December 19, 2008, or referral to mediation, if requested by the parties.
Defendants shall pay the costs of this proceeding.
This the ___ day of July 2009.
 S/___________________ *Page 4 
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
 S/___________________ DANNY L. McDONALD COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1